UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-108-001 |
| | ) | *Edgar* |
| ANTONIO CARRILLO-ESTRADA | ) | |

**MEMORANDUM AND ORDER**

On September 23, 2005, the United States Court of Appeals for the Sixth Circuit granted a joint motion by the parties to vacate the defendant's sentence and remand the case for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). [Court Doc. No. 26]. The Court ordered [Court Doc. No. 27] the defendant's return to the district from his place of incarceration for a re-sentencing hearing on March 6, 2006.

Presently before the Court is an agreed motion [Court Doc. No. 28] by defendant, through counsel, and the government to waive the defendant's appearance at a re-sentencing hearing and to sentence defendant pursuant to correct guidelines. The parties agree that the sentencing guidelines were originally improperly calculated based upon an incorrect determination that defendant Carrillo-Estrada's prior conviction for illegal possession of a firearm by an illegal alien is a "firearms offense" as defined in U.S.S.G. § 2L1.2, Comment., n.1(B)(v). At the sentencing on December 13, 2004, this determination increased the offense level by 16 levels. Instead, the parties believe, and upon review the Court agrees, that the prior

conviction should have been categorized as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C), which calls for an 8-level increase in the offense level. *See* 8 U.S.C. § 1101(a)(43)(E)(ii). Defense counsel and the government agree that Mr. Carillo-Estrada's guidelines were incorrectly calculated as 46 to 57 months due to the 16-level increase based upon the "firearms offense." The parties also agree that the appropriate guidelines range should be 18 to 24 months based upon an 8-level increase for the "aggravated felony." The Court agrees with defense counsel and the government that an amended sentence of **18 months** is warranted. Therefore, the agreed motion to waive appearance at re-sentencing and to sentence pursuant to correct guidelines [Court Doc. No. 28] is **GRANTED**.

The Court's request that the United States Marshal transport the defendant back to the district is **RESCINDED**. An amended judgment imposing a reduced sentence of 18 months will be entered separately.

SO ORDERED.

ENTER this *7th day of February, 2006*.

                                    */s/ R. Allan Edgar*
                                    R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE